UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS D. CLARK,

      Plaintiff,

v.                                    Case No: 2:13-cv-820-FtM-29DNF

SCHOOL   BOARD   OF   COLLIER
COUNTY,   FLORIDA   and   MARK
ROSENBALM, in his individual
capacity,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants'
Motion to Dismiss (Doc. #22) filed on April 11, 2014.  Plaintiff
filed a Response in Opposition (Doc. #26) on July 23, 2014.
Defendants argue that the Amended Complaint (Doc. #18) generally
fails to state a short, plain statement under Fed. R. Civ. P. 8(a),
and also fails to state a claim under each specific count.  In
response, plaintiff voluntarily dismisses the intentional
infliction of emotional distress claim (Count III) and otherwise
asserts that the remaining counts are properly pled.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Plaintiff's argument that his Amended Complaint need only "suggest entitlement to obtain evidence to prove his case at trial", (Doc. #26, p. 7), is simply incorrect.

**II.**

Taking all of the Amended Complaint's factual allegations as true, plaintiff Carlos D. Clark (plaintiff or Clark) is an African American male working as an Alternative Education Assistant for the District School Board of Collier County (the District). Plaintiff was also a high school basketball coach before he was terminated from the coaching position.  Defendant The School Board of Collier County, Florida (School Board) is the governing body for the School District, and defendant Mark Rosenbalm (Rosenbalm) (collectively defendants) is the Activities and Athletic Director and was plaintiff's supervisor at Barron Collier High School (Barron Collier).

Plaintiff is a retired professional basketball player and coach whose career spanned 15 years.  From 2008 through the Spring of 2012, plaintiff served as Head Coach of the Barron Collier Varsity Boys Basketball team, and was the only African American coach in Collier County during his tenure.  Plaintiff excelled in

his role as Head Coach.   In the 2010-2011 season and in 2012, Barron Collier made historic firsts by making it to regional finals and winning District titles under plaintiff's coaching.

In 2009, Rosenbalm became the Athletic Director of Barron Collier and from the beginning exhibited "rudeness" and "standoffishness" towards plaintiff.   Rosenbalm brought on Joe Radar, a Caucasian friend, as a volunteer assistant coach. Rosenbalm catered to Caucasian coaches to the exclusion of persons of color, including plaintiff, and had a reputation for targeting African American teachers and coaches.   Rosenbalm congratulated assistant coach Joe Rader on the 2012 District Championship, but did not congratulate plaintiff or invite plaintiff to the awards banquet.   Rosenbalm would also delay submitting pay documents to Human Resources for plaintiff while turning in timely documents for Caucasian coaches.

On or about May 26, 2012, just days before the banquet, plaintiff was terminated as head coach without reason except for "communication skills".   Other coaches were not disciplined for more serious allegations, such as grabbing a player's face mask. Several months later in 2012, Joe Rader was installed in the position of Head Coach.

Count I alleges an unlawful employment practice in violation of Title VII, 42 U.S.C. § 2000e-2, against the School Board.   Count

II alleges a violation of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against both defendants.   Count IV alleges wrongful termination based on race in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.02.   Count III for intentional infliction of emotional distress is no longer being pursued.

### III.

#### A. Count I - Title VII – School Board

In Count I, plaintiff alleges that the School Board violated Title VII by treating him differently because of his race.   While the School Board had the final decision-making authority regarding plaintiff's employment, petitioner alleges that the different treatment he received was pursuant to a School Board policy of deference and abrogation to administrators.   This essentially allowed administrators to become the decision-makers, and for defendant Rosenbalm to make the employment decision as to his coaching position.   Plaintiff alleges that the School Board had a policy of indifference to plaintiff's constitutional rights, and failed to train its administrators upon notice of the violation of plaintiff's constitutional rights.

Contrary to the suggestion in the plaintiff's four-sentence response to the motion as to Count I, simply alleging that he was treated different does not sufficiently set forth a claim under

Title VII.  Title VII of the Civil Rights Act prohibits employers from discriminating in the workplace on the basis of an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  The prohibited discrimination typically falls into two categories, disparate treatment and/or disparate impact. Disparate treatment, the form alleged in Clark's Complaint, occurs when an employer discriminates against a worker "with respect to his compensation, terms, conditions, or privileges of employment, because of" the individual's membership in a protected category, such as race or gender. Id. § 2000e-2(a)(1). Disparate treatment discrimination can take the form either of a "tangible employment action," such as a firing or demotion, or of a "hostile work environment" that changes "the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned."  Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (en banc)(citing Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1245 (11th Cir. 2004)).

These two types of disparate treatment claims require proof of different elements.  To establish a claim for tangible employment action under Title VII, plaintiff must show: "(1) he is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated

6

employees outside of his class more favorably; and (4) he was qualified to do the job." Hall v. Dekalb Cnty. Gov't, 503 F. App'x 781, 787 (11th Cir. 2013). To establish a hostile work environment claim under Title VII, plaintiff must show: "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, . . .; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

As currently pled, Count I incorporates facts which arguably support both theories in part, but not completely, and results in confusion as to what Title VII claim or claims plaintiff is attempting to assert. The factual allegations are not sufficient to properly allege a claim of hostile work environment as to the severity or persuasiveness element, and do not allege a similarly situated employee for equal protection purposes. Defendant's motion will be granted. One or both claims may be possible to adequately plead, and therefore but plaintiff will be provided an opportunity to file a second amended complaint.

**B.  Count II – Section 1983 – Both Defendants**

In Count II, plaintiff's § 1983 claim alleges that both the School Board and Rosenbalm violated his Fourteenth Amendment rights.  In essence, Count II alleges that Rosenbalm, while acting under the color of state law, "worked a denial of Plaintiff's rights" by "impeding and hindering the due course of justice with intent to deny Plaintiff equal protection of the laws".  (Doc. #18, ¶ 80.)

To establish a claim under § 1983, plaintiffs must allege and ultimately prove that (1) defendant deprived plaintiff of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law.  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  Plaintiffs also must allege and prove an affirmative causal connection between defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc).

**(1)  Defendant Rosenbalm**

While it is unclear in the Amended Complaint if Rosenbalm is sued in his official capacity or his individual capacity, based on the Response the Court will assume that he is sued individually.

> To establish an equal protection claim, a plaintiff must demonstrate that (1) []he is similarly situated to others who received more favorable treatment, and (2) h[is] discriminatory treatment was based on some constitutionally protected interest. Jones v.

> Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).
> Plaintiff must allege that similarly situated
> persons have been treated disparately through
> state action.  DeYoung v. Owens, 646 F.3d
> 1319, 1327 (11th Cir. 2011); Thigpen v. Bibb
> Cnty., Ga., 223 F.3d 1231, 1237 (11th Cir.
> 2000).  'Our cases have recognized successful
> equal protection claims brought by a 'class of
> one,' where the plaintiff alleges that []he
> has been intentionally treated differently
> from others similarly situated and that there
> is no rational basis for the difference in
> treatment.'  Village of Willowbrook v. Olech,
> 528 U.S. 562, 564 (2000).

Hatcher ex rel. Hatcher v. DeSoto Cnty. Sch. Dist. Bd. of Educ.,

939 F. Supp. 2d 1232, 1236 (M.D. Fla. 2013), aff'd sub nom. Hatcher

ex rel. Hatcher v. Fusco, 570 F. App'x 874 (11th Cir. 2014).  In

his Response, plaintiff alleges that Coach Mark Ivey is not

African-American  and  a  similarly  situated  coach  who  was

disciplined differently.  This, however, is not set forth in the

factual allegations in the Amended Complaint, which therefore

fails to state a plausible equal protection claim.  The motion

will be granted, and plaintiff will be provided an opportunity to

amend.  The Court need not address whether Rosenbalm would be

entitled to qualified immunity at this stage of the proceedings.

     (2)   School Board

     A failure to state a plausible equal protection claim against

Rosenbalm  also  defeats  Count  II  as  to  the  School  Board.

Additionally,  assuming  plaintiff  could  set  forth  an  equal

protection claim, a governmental entity may not be held liable

under a theory of *respondeat superior*, but instead may only be held liable when its "official policy" or custom causes a constitutional violation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Under Florida law, final policymaking authority for a school district is vested in the School Board. K.M. v. Sch. Bd. of Lee Cnty. Fla., 150 F. App'x 953, 957 (11th Cir. 2005) (citing Fla. Stat. § 230.22(1)(2001)).  Plaintiffs can establish the requisite "official policy" in one of two ways: (1) by identifying an officially promulgated policy, or (2) by identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity.  Grech v. Clayton County, Ga., 335 F.3d 1326, 1320-30 (11th Cir. 2003). Plaintiffs must identify the policy or custom which caused the injury so that liability will not be based upon an isolated incident, McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation.  Grech, 335 F.3d at 1330.  See also Board of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  A failure to train will support liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989).

The Court finds there are insufficient factual allegations to support either a policy violation or deliberate indifference arising from a failure to train as currently pled.  Plaintiff will be provided an opportunity to amend.

**C. Count IV – Florida Wrongful Termination – Both Defendants**

Plaintiff alleges that the School Board and Rosebalm are employers under Florida Statute Chapter 760.02, and defendant unlawfully discriminated against plaintiff and terminated plaintiff based on his race.  Defendants argue that the state law claim is barred both because Rosenbalm cannot be sued individually, and because plaintiff failed to exhaust administrative remedies.

Plaintiff did not respond to the Motion to Dismiss with regard to Count IV.  Rosenbalm individually does not constitute an employer under the Florida Civil Rights Act, and therefore cannot be held individually liable as an employer. Patterson v. Consumer Debt Mgmt. & Educ., Inc., 975 So. 2d 1290, 1291-92 (Fla. 4th DCA 2008).  Defendant's motion will be granted on this basis as to Rosenbalm.

In the Amended Complaint, plaintiff alleges that he fully exhausted with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. (Doc. #18, ¶¶ 1, 65.)  Only the Dismissal and Notice of Rights (Doc. #18, p. 25) by the EEOC is attached to the Amended Complaint, however taking the

allegations as true and considering the reference to the Florida Civil Rights Act in the Charge of Discrimination (Doc. #18, p. 23), the Court finds plaintiff has sufficiently alleged exhaustion of remedies.  The motion is denied on this basis.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #22) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  The Amended Complaint (Doc. #18) is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of December, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record

12