UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS D. CLARK,

      Plaintiff,

v.                                    Case No: 2:13-cv-820-FtM-29MRM

SCHOOL   BOARD   OF   COLLIER
COUNTY,  FLORIDA  and  MARK
ROSENBALM, in his individual
capacity,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on defendants' Response to Motion to Compel (Doc. #66) filed on September 4, 2015, and construed as an objection to the Magistrate Judge's Order (Doc. #63). No response was filed, and the time to respond has expired.

### *Procedural History*

On March 17, 2015, defendants filed a Motion to Dismiss for a More a Definitive Statement (Doc. #42) in response to the Second Amended Complaint (Doc. #35). On June 24, 2015, finding no response filed, the undersigned directed plaintiff to file a response or the Court would review the motion on the merits without the benefit of a response. (Doc. #53.) Five days later, on June 29, 2015, defendants filed a Motion for Summary Judgment (Doc. #54).

On July 14, 2015, plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. #57) and a Motion to Compel Response to Discovery and Motion to Compel the Deposition of Defendants, Mark Rosenbalm and the Corporate Representative of Defendant, School Board of Collier County (Doc. #58).  Upon review, the Magistrate Judge set a hearing for August 26, 2015, on the motions to compel.  No response was filed to the Motion for Summary Judgment (Doc. #54), and the Motion to Dismiss also remained pending.

On August 26, 2015, the Magistrate Judge conducted a hearing on plaintiff's Motion to Compel Response to Discovery and Motion to Compel Deposition (Doc. #58), and heard argument from counsel on the various issues.  For the reasons stated on the record, the motions to compel were granted in part and denied in part. Discovery was reopened and special deadlines were set pending the submission of an Amended Case Management Report.  After "consultation with the District Judge's chambers", the Magistrate Judge also denied without prejudice defendants' Motion for Summary Judgment.  The denial was without prejudice to resubmitting after completion of the reopened discovery period and by the new dispositive motion deadline to be reset upon the parties' submission of an Amended Case Management Report.

*Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.  The Court may also designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a motion for summary judgment.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C.A. § 636(b)(1).  See also Fed. R. Civ. P. 72.

*Specific Objections*

On September 28, 2015, defendants filed a Notice of Compliance (Doc. #70) indicating that they complied with the Magistrate Judge's Order (Doc. #70), even though an objection was pending, and therefore portions of the objection are now moot.  Defendants served and filed the affidavits and responsive documents as directed at the hearing, defendants responded to interrogatories on September 10, 2015, defendant Rosenbalm and the corporate

- 3 -

representative for the School Board appeared for depositions on September 18, 2015, and counsel for defendants conferred with counsel for plaintiff on a case management plan.  Defendants otherwise continue to object to the denial of their Motion for Summary Judgment and to having to agree on a revised case management plan that extends discovery.

   *1. Discovery Deadline*

   At the hearing, the parties acknowledged that they were operating on a gentlemen's agreement outside the parameters of the discovery deadline.  The Magistrate Judge noted:

> While I appreciate your apparent efforts to resolve all these issues through a gentleman's agreement, as you put it, ideally that saves the Court the time and effort of having to reset deadlines, it didn't work out here. And I think, as a matter of practice, going forward, and certainly in any matter before me, you should seriously consider advising the Court of what's going on and the need to extend deadlines to accommodate circumstances before they get to this point.

(Doc. #64, p. 25.)  Counsel for defendant anticipated that plaintiff's counsel would seek to extend the discovery deadline, and that the agreement would only allow the taking of depositions outside the discovery period and to give responses to plaintiff's discovery.  The Magistrate Judge found a potential for abuse when operating outside the discovery period:  "So, on the issue of timeliness, at this point, I'm just simply not persuaded that

there's no avenue for the Court to be flexible, under these circumstances, to address the outstanding discovery." (Id., p. 32.) Mr. Fox admitted that the School Board had failed to provide answers to Interrogatories, but "it wasn't for lack of trying." (Id., p. 43.) Mr. Fox could not point out where his relevance objection was noted in response to the Request for Production of e-mails concerning coaches not disciplined for grabbing the helmet of a football player, however, in Mr. Fox's "humble opinion, discovery is over." (Id., pp. 44-45.) The Court concluded that discovery should be reopened for a period of 60 days to conclude all outstanding discovery for both sides. (Id., p. 45.)

> As to any other case management deadlines, I believe that the Court's ruling affects essentially every deadline after the discovery deadline, including the dispositive motion filing date and, quite possibly, the trial term. The Court will require the parties to confer as to resetting those deadlines, and to file an amended Case Management Report that proposes new deadlines for all outstanding case management deadlines that remain in this case.

(Id., pp. 48-49.) Upon a thorough review of the transcript, the Court finds the record supports good cause to extend discovery, and the corresponding deadlines, and there is nothing clearly erroneous or contrary to law with the extension of the deadlines.

*2. Summary Judgment Denial*

At the hearing, the Magistrate Judge asked counsel for defendants about the effect of an extension of discovery on the pending Motion for Summary Judgment.  (Doc. #64, p. 7.) Plaintiff's counsel indicated that he could not reasonably respond to the Motion for Summary Judgment "given the state of the discovery being incomplete", and that it was his position that the motion was not filed in good faith.  Plaintiff's counsel requested the opportunity to respond to the Motion or an Amended Motion for Summary Judgment after discovery and to explore the possibility of filing his own cross-motion for summary judgment.  Counsel stated that he was not surprised that the motion was filed, but was surprised as to the timing of the filing and "temerity" of filing it simultaneously with serving answers to interrogatories made two months before the filing.  (Id., pp. 22, 23, 24, 27.)  In response, Mr. Fox conceded that he did not know the effect or what the discovery would show, to which the Magistrate Judge noted was "one of the reasons why proceeding with a Motion for Summary Judgment on an incomplete discovery record is not necessarily advisable." (Id., p. 38.)  Mr. Fox's only response was that the rules and deadlines needed to be enforced.  (Id.)

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).  "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).  Each district court can establish rules by which the magistrate judges may discharge their duties.  28 U.S.C. § 636(b)(4).  "Usually, a denial of summary judgment is not treated as final and cannot be appealed until the conclusion of the case on the merits." Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001).  Under Local Rule 6.01(c), the Middle District of Florida lists some authorized duties, but explicitly excludes the entry of "any order **granting** judgment on the pleadings or summary judgment."  M.D. Fla. R. 6.01(c)(18) (emphasis added). See, e.g., Kemberling v. Metlife Life & Annuity Co., 8:06-cv-1741-T-23MAP, Doc. #123 (M.D. Fla. Feb. 4, 2008)(overruling objection to Magistrate Judge's Order denying summary judgment because it "contemplated no factual or legal disposition").

Assuming the Magistrate Judge had no authority to deny the motion for summary judgment, the undersigned's *de novo* review arrives at the same decision.  The summary judgment motion is denied without prejudice to re-filing immediately after the resolution of the discovery motions.

Accordingly, it is hereby

**ORDERED:**

Defendants' Response to Motion to Compel (Doc. #66), construed as an objection to the Magistrate Judge's Order (Doc. #63) is **MOOT IN PART, and OVERRULED IN PART** as follows:

1. The objection is **moot** to the extent detailed in the Notice of Compliance (Doc. #70).

2. The objection to the extension of the discovery period is **overruled**.

3. The objection to the denial of summary judgment without prejudice to re-filing is **overruled** to the extent explained above.

4. Alternatively, the objection is **sustained**, and the Motion for Summary Judgment is again before the Court.  The Motion for Summary Judgment is **denied** as premature and without prejudice to re-filing on or before the expiration of the applicable dispositive motion deadline if extended.

   **DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of October, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
Counsel of Record

- 8 -