UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS D. CLARK,

    Plaintiff,

v.                                    Case No:   2:13-cv-820-FtM-29MRM

SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA and MARK
ROSENBALM,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Carlos D. Clark (Doc. 98).

**I.     Background**

    On July 25, 2016, the Court noted that Plaintiff had not responded to Defendants' Motion for Summary Judgment (Doc. 91) and the time to do so had lapsed.  (Doc. 98 at 1).  As a result, the Court ordered Plaintiff to show good cause for his failure to file a response to Defendants' Motion for Summary Judgment (Doc. 91) timely.  (*Id.*).  Additionally, the Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment (Doc. 91) within seven (7) days from the date of that Order.  (*Id.*).  The Court warned Plaintiff that failure to show good cause or failure to file a response as ordered would cause the Court to recommend that his Third Amended Complaint be dismissed.  (*Id.*).

Since that time, Plaintiff failed to file anything showing good cause and failed to respond to Defendants' Motion for Summary Judgment as ordered. Moreover, the time to do so has passed.

## II. Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

## III. Analysis

While dismissal for lack of prosecution is a harsh sanction, in this case, the Court cannot reach any other conclusion than that the delay undertaken by Plaintiff is willful. *See McKelvey*, 789 F.2d at 1520. On June 30, 2016 the Court allowed Plaintiff a *second* extension of time to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

respond to Defendants' Motion to for Summary Judgment. (Doc. 97). Plaintiff did not file anything *at all* in response. The Court then issued the Order to Show Cause on July 25, 2016. (Doc. 98 at 1). Plaintiff did not file *anything* attempting to show good cause, nor did he file a response to Defendants' Motion for Summary Judgment within seven (7) days as ordered. At this point, Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect since June 29, 2016 that he wishes this action to proceed. Thus, the Court can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute. *See McKelvey*, 789 F.2d at 1520.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED:**

That Plaintiff's Third Amended Complaint (Doc. 89) be dismissed.

Respectfully recommended in Chambers in Fort Myers, Florida on August 9, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties